**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JAMES PAUL JOHNSON,**

    **Petitioner,**

**vs.**                                                               **Cause No. 1:04cv378-MMP/AK**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

Presently before the Court is Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is included in the documents which were transferred into this district from the United States District Court for the Middle District of Florida. Doc. 1. Petitioner is represented by counsel. Having carefully considered the matter, the Court recommends that the petition be denied as untimely filed.

**BACKGROUND**

According to the petition, Petitioner was charged in a seven-count information with kidnapping a child with aggravating circumstances, lewd or lascivious molestation, lewd or lascivious battery, and lewd or lascivious conduct. *Id.* On August 24, 2000, Petitioner pled *nolo contendre* to the charges, and on November 17, 2000, he was

sentenced to life imprisonment.  *Id*.

Petitioner appealed to the court of appeal which ordered a voluntary dismissal of the appeal on April 17, 2001.  *Id*.  On or about April 14, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief, which was denied without hearing on June 25, 2003.  *Id*.  The appellate court affirmed on May 27, 2004, and after denying a motion for rehearing, issued its mandate on August 13, 2004.  *Id*.  The instant petition was filed October 7, 2004, in the Middle District of Florida, before being transferred here based on Petitioner's conviction by the Circuit Court of Alachua County.

## DISCUSSION

Petitioner's conviction became final on April 27, 2001, ten days after the court of appeal dismissed Petitioner's appeal pursuant to his notice of voluntary dismissal.  *See Kinsey v. State*, 179 So.2d 108, 111-12 (Fla. Dist. Ct. App. 1965) (notice of voluntary dismissal filed by attorneys for criminal defendant was binding on defendant); *see also* Fed. R. App. P. 9.420(e) (intermediate weekends and holidays are excluded from time calculation only if prescribed period of time is less than seven days).  *Cf. Cabrera v. State*, 721 So.2d 1190 (where defendant voluntarily dismisses appeal, time for filing state postconviction motion runs from date that court of appeal grants voluntary dismissal).  He therefore had one year from April 27, 2001, to seek federal habeas corpus relief.  *See* 28 U.S.C. §2244(d)(1)(A).  Although a properly filed motion for post-conviction relief in state court will toll the time for filing a § 2254 petition, 28 U.S.C. §2244(d)(2), Petitioner did not seek state post-conviction relief until April 14, 2003.  By that date, the statute of limitations for seeking relief in this Court had expired by almost one full year, and nothing Petitioner did in state court after the expiration of the statute

of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  **16th**  day of November, 2004.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.